Martin, J.
The plaintiff claims the amount of a note alleged to have been deposited with A. Cerisay, formerly Sheriff of St. James, as collateral security for the production of certain slaves seized, which were timely produced. It is urged, that after Ceri-say’s death, Chapdu took possession of the said note, as universal legatee of the deceased. The claim is against Chapdu’s heirs, who pleaded the general issue. Judgment was given against them, and they have appealed.
The appellants complain, that there is no sufficient proof of the deposit, there being only one witness, and the amount of the note being more than $500, and that interest was improperly allowed anterior to the date when the defendants were put in mota, by the inception of the suit.
The deposit was proven by the testimony of Winchester. The appellee contends, that this testimony is corroborated by that of Thibodeaux, This last witness proves, indeed, that the note was found amongst the papers of Cerisay ■ and this also appears from the inventory of the latter’s estate, But Thibodeaus says nothing as to the manner in which the note came into the possession of Cerisay, It is true, he says, that Chapdu told him that Dauphin had said, that the note was the property of the plaintiff, and that, if the latter proved that this was the case, he would readily pay him the amount of the note, or, as he Was then on his dealh-bed, his heirs must do so, as he wished to die ah honest man. Lastly, a corroborating circumstance relied upon is, the inability of the defendants to show, that Cerisay obtained the note in any other manner than that which appears in the testimony of Winchester.
The First Judge Was of opinion, that sufficient circumstances corroborated the deposition of Winchester. There is an admission in the record, that the slaves seized were returned by the *522 present plaintiff, then defendent in execution, to the Sheriff, ora the day of sale. This admission and the testimony of Winchester and Thibodeaux show, that the plaintiff’s slaves were seized by Cerisay and left in his possession, and the note intended to be received as collateral security for their return in due time • and that they were so returned. The inventory shows the receipt of the note by Cerisay. The defendants ancestor stated his impression that the note might be the plaintiff’s property, and added, that he had been told by Dauphin that this was the case. Cerisay does not appear to have exercised any other act of ownership over the note than the possession of it.
We are unable to say that the First Judge erred in concluding that the plaintiff had sufficiently proved his case.
The appellant complains, that interest was allowed from the maturity of the note. This is certainly correct, since it was protested at that time, and the defendant’s ancestor had judgment for the principal and interest, and has acknowledged satisfaction.

.Judgment affirmed.